**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5036**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY LAMONT MUMFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., Senior District Judge.  (CR-05-125; CR-05-126)

Submitted:  March 30, 2006                      Decided:  April 6, 2006

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terry Lamont Mumford appeals the two concurrent 180-month imprisonment sentences imposed after he pled guilty to two separately-indicted counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). The district court concluded that Mumford qualified for sentencing as a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2004), and sentenced him under an advisory sentencing regime, after considering the applicable sentencing range and the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), to a sentence within the applicable guideline range. On appeal, Mumford asserts that his sentence violates the Supreme Court's holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), because his guideline sentencing range was determined based upon facts that were not alleged in the indictment or admitted by him. However, Mumford concedes that his argument is against current Fourth Circuit and Supreme Court precedent.

Contrary to Mumford's position, his sentence was not violative of Apprendi, Blakely, or Booker. A district court may enhance a sentence based on the "fact of" a prior conviction without running afoul of the Sixth Amendment, where the facts necessary to support the enhancement are "inherent" in the conviction rather than being "extraneous" to it. See United States

v. Thompson, 421 F.3d 278, 282, 283-86 (4th Cir. 2005), <u>cert. denied</u>, ___ U.S. ___, 2006 WL 521274 (U.S. Mar. 6, 2006) (No. 05-7266); <u>United States v. Cheek</u>, 415 F.3d 349, 354 (4th Cir.) (holding that defendant's Sixth Amendment right to trial by jury was not violated by district court's reliance on prior convictions for purposes of sentencing under Armed Career Criminal Act), <u>cert. denied</u>, 126 S. Ct. 640 (2005). Moreover, on appeal, Mumford does not challenge any factual findings regarding the prior convictions, and he does not dispute the factual basis for the district court's conclusion that he was a career offender. Hence, his assertion that his sentence violated the Sixth Amendment is without merit.

Accordingly, we affirm Mumford's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>